UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS PATRICK MCGOWAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-204-JD-MGG |
| TCHAPTCHET, et al., | |
| Defendants. | |

OPINION AND ORDER

Thomas Patrick McGowan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McGowan alleges that he received inadequate medical care while housed at the LaPorte County Jail between January 7, 2024, and February 15, 2024. When McGowan arrived at the jail, he told a nurse that he had diverticulitis with an abscess and perforation on his colon. He also reported that he had a urinary tract infection, hepatitis, nausea, dizziness, blurred vision, facial fractures, a gunshot wound, a stoma, and an infected wound. McGowan told both the nurse and other jail staff that he had internal

bleeding. He indicated that he needed two separate surgeries and needed to see his doctors as soon as possible.

McGowan met with Dr. Tchaptchet on January 10, 2024, or January 11, 2024. He told Dr. Tchaptchet what medications he was taking and that he needed special stoma bags. McGowan told Dr. Tchaptchet about his pain and suffering and the need to see his doctors as soon as possible. McGowan had only a few properly fitting stoma bags, and Head Nurse Cheryl was on vacation. She instructed the nursing staff to make do. McGowan was provided with improperly fitting stoma bags that leaked for weeks. He smelled because of this, and other inmates targeted and ridiculed him.

It took about two weeks for Dr. Tchaptchet and Nurse Cheryl to obtain most of his medications, although some were not obtained. He was very sick and his open would was bleeding. When Nurse Cheryl returned from vacation, she obtained the correct bags for his stoma, which he received around February 13, 2024. During this time, McGowan was in and out of the medical office frequently, but he went without wound care on several days. McGowan is suing Dr. Tchaptchet, Head Nurse Cheryl, and Sheriff Heeg.

Because McGowan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively

2

serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Here, giving McGowan the benefit of all inferences, as is required at this stage, he has stated a claim against Dr. Tchaptchet and Head Nurse Cheryl.

McGowan cannot, however, proceed against Sheriff Heeg because he does not allege that he was personally involved in making decisions regarding McGowan's medical care. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are no factual allegations in the amended complaint from which it can be plausibly inferred that Sheriff Heeg facilitated, approved, condoned, or turned a blind eye to McGowan's medical needs.

For these reasons, the court:

(1) GRANTS Thomas Patrick McGowan leave to proceed against Dr. Tchaptchet and Head Nurse Cheryl in their individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical care between January 7, 2024, and February 15, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff Heeg;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Tchaptchet and Head Nurse Cheryl at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Tchaptchet and Head Nurse Cheryl to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 13, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT